UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMAR OCI NORTH CORPORATION,

        Plaintiff,

v.

TOWNSHIP OF KOCHVILLE and KENNETH BAYNE,

        Defendants.

Case Number 06-10491-BC
Honorable Thomas L. Ludington

CONSOLIDATED CASES

-and-

LAMAR OCI NORTH CORPORATION,

        Plaintiff,

v.

KOCHVILLE TOWNSHIP,

        Defendant.
_____ /

Case Number 06-12353-BC
Honorable Thomas L. Ludington

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's motion for partial summary judgment under Federal Rule of Civil Procedure 56 as to counts I and II of its complaint in civil action 06-12353 only and on Defendant's cross-motion for summary judgment. In counts I and II of that complaint, Plaintiff Lamar OCI North Corporation, a company that owns and leases at least five billboards in Bay County, challenges Defendant Kochville Township's sign ordinance, Ordinance Number 03-05 (Ord. No. 03-05), as invalid because the ordinance exceeds the scope of the authority granted to the township in Mich. Comp. Law § 41.181(1). In particular, Plaintiff emphasizes that home rule cities

received express legislative authority to regulate billboards under Mich. Comp. Law § 117.4i(f), as expressed in *Adams Outdoor Advertising v. City of East Lansing*, 483 N.W.2d 38 (Mich. 1992). Plaintiff thus contends that the absence of any similar legislative authorization for "general law" townships establishes that the township cannot regulate billboards under the police powers granted in Mich. Comp. Law § 41.181(1).

It is true that townships have no inherent powers, but have only those limited powers conferred on them by the Legislature or by the state constitution." *Graham v. Kochville Twp.*, 599 N.W.2d 793, 797 (Mich. Ct. App. 1999) (citation omitted). However, the Michigan constitution provides:

> The provisions of this constitution and law concerning counties, townships, cities and villages **shall be liberally construed in their favor**. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution.

Mich. Const. 1963, art. 7, § 34 (emphasis added); *see also Howell Twp. v. Rooto Corp.*, 670 N.W.2d 713, 716 (Mich. Ct. App. 2003) (reciting and applying this constitutional provision).

Mich. Comp. Law § 41.181(1), in relevant part, provides:

> The township board of a township, at a regular or special meeting by a majority of the members elect of the township board, may adopt ordinances regulating the public health, safety, and general welfare of persons and property, including, but not limited to ordinances concerning fire protection, licensing or use of bicycles, **traffic, parking of vehicles, sidewalk maintenance and repairs**, the licensing of business establishments, the licensing and regulating of public amusements, and the regulation or prohibition of public nudity, and may provide sanctions for the violation of the ordinances.

(Emphasis added.) The next subsection of the statute provides for townships to regulate streets and roads, even when not dedicated to public use. Mich. Comp. Law § 41.181(2).

Moreover, several ordinances regulating activities not expressly listed in § 41.181(1) have

been upheld as within the scope of the police powers permitted to townships. *See, e.g.*, *Square Lake Hills Condominium Ass'n v. Bloomfield Twp.*, 471 N.W.2d 321, 334 (Mich. 1989) (permitting the regulation of the mooring of boats on inland lakes);[1] *Graham*, 599 N.W.2d 793 (upholding an ordinance that regulated water supply connections as among the broad range of activities permitted by the statute); *People v. Strobridge*, 339 N.W.2d 531 (Mich. Ct. App. 1983) (upholding an ordinance that barred keeping more than three dogs on property without a license); *see also Homer Twp. v. Billboards by Johnson*, 708 N.W.2d 737, 739-740 (Mich. Ct. App. 2005) (stating that the Highway Advertising Act of 1972, Mich. Comp. Law § 252.301 *et seq.*, did not preempt townships from regulating billboards, apart from matters such as size, height, and lighting identified in that act).

Based on the foregoing, the Court concludes that Michigan law does not sustain Plaintiff's assertion, based on the Home Rule City Act, Mich. Comp. Law § 117.1 *et seq.*, that townships necessarily lack the authority to regulate billboards under their police powers. Mich. Comp. Law § 41.181(1) does expressly grant police powers to townships, and the state constitution requires that laws granting power to townships be construed liberally. In permitting townships to "adopt ordinances regulating the public health, safety, and general welfare of persons and property," § 41.181(1) provides a non-exhaustive list of possible exercises of that power.

Here, Defendant's ordinance recites a variety of health, safety, and welfare bases for its adoption. *See* Ord. No. 03-05, § 3.0. Further, if Plaintiff's billboards would become non-conforming under Ord. No. 03-05, §§ 7.0(3)(g), (4)(j), or (5)(e), because of their proximity to the

---

[1] The one-sentence concurrence in this decision limits the decision to just this proposition. *See Square Lake Hills Condominium Ass'n,* 471 N.W.2d at 334 (Boyle, J., concurring).

road, the ordinance still seems to comport with the exercise of statutorily granted police power, as currently interpreted by Michigan courts. Also, Ord. No. 03-05, § 12.0 provides a period during which non-conforming signs can remain. *See King Enterprises, Inc. v. Thomas Twp.*, 215 F. Supp. 2d 891, 916 (E.D. Mich. 2002) (concluding that an "ordinance [governing billboards] was properly enacted under [a] township's general police power" because that "ordinance was enacted for . . . 'health, safety, and welfare' and . . . ha[d] a period [where] nonconforming signs [could] remain"). Thus, Plaintiff has failed to establish that it is entitled to judgment as a matter of law.

At the hearing, Defendant made an oral motion to withdraw its motion for cross-summary judgment, purportedly directed to various matters in addition to counts I and II of Plaintiff's complaint in civil action 06-12353. The Court granted that motion to withdraw.

Accordingly, it is **ORDERED** that Plaintiff's motion for summary judgment [dkt # 14][2] is **DENIED**.

It is further **ORDERED** that Defendant's cross-motion for summary judgment [dkt #17] is **DENIED** as moot.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: November 2, 2006

---

[2]The docket numbers refer to these motions as they appear in consolidated case 06-10491.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2006.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS